United States Court of Appeals
Fifth Circuit

**F I L E D**

April 3, 2007

Charles R. Fulbruge III
Clerk

*In The United States Court Of Appeals*
*For The Fifth Circuit*

No. 06-30473
Summary Calendar

BETTY J. VERDIN,

Plaintiff–Appellant,

v.

ALVIN VERDIN, Captain; KATHERINE M. VERDIN, Deputy; RAMBY CORMIER, Deputy; TONY MANCUSO, Sheriff,

Defendants–Appellees.

Appeal from the United States District Court
for the Eastern District of Louisiana
No. 2:04-CV-02554

Before SMITH, WIENER, and OWEN, Circuit Judges.

PER CURIAM:[*]

Betty J. Verdin, *pro se*, appeals the district court's adverse summary judgment on her fraud, identity theft and civil rights claims against the defendants, Alvin Verdin, Katherine M. Verdin, Ramby Cormier, and Tony Mancuso. We affirm. Betty Verdin had ample opportunity to conduct discovery and respond to the defendants' summary judgment motion, but she failed to "submit or identify evidence in the record to show the existence of a genuine

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

issue of material fact as to each element of the cause[s] of action."[1]

On appeal, Betty Verdin produced several documents that were not submitted to the district court, but "[a]n appellate court may not consider new evidence furnished for the first time on appeal and may not consider facts [that] were not before the district court at the time of the challenged ruling."[2] Even if the documents Verdin submitted on appeal were considered, they would not raise a fact issue as to any of Verdin's claims.

AFFIRMED; SUPPLEMENTATION DENIED

---

[1] *Malacara v. Garber*, 353 F.3d 393, 404 (5th Cir. 2003); *see* FED. R. CIV. P. 56(c) (Summary judgment shall be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law.").

[2] *Theriot v. Parish of Jefferson*, 185 F.3d 477, 491 n.26 (5th Cir. 1999).